FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 15 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

PHAEDRA MCLAUGHLIN,
a/k/a Phedra Mclaughlin,
a/k/a Raymond Brown, Jr.,
a/k/a Moenah Dmorai

Criminal Indictment

No. 1:17-CR-061

THE GRAND JURY CHARGES THAT:

### Count One
### (Access Device Fraud)

From on or about April 5, 2013, through on or about April 12, 2013, in the Northern District of Georgia, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud trafficked in and used an unauthorized access device, namely, a Navy Federal Credit Union credit card ending in 5830, purportedly issued to T.W., that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that was stolen and obtained with intent to defraud, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

**Count Two**
**(Access Device Fraud)**

From on or about April 5, 2013, through on or about April 22, 2013, in the Northern District of Georgia, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud trafficked in and used an unauthorized access device, namely, a Navy Federal Credit Union debit card ending in 6094, purportedly issued to T.W., that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that was stolen and obtained with intent to defraud, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

**Count Three**
**(Aggravated Identity Theft)**

From on or about April 5, 2013, through on or about April 22, 2013, in the Northern District of Georgia, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being T.W., a resident of Erie, Pennsylvania, during and in relation to committing the felony violation of access device fraud as alleged in

2

Counts One and Two of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count Four
### (Access Device Fraud)

From on or about April 27, 2013, through on or about May 2, 2013, in the Northern District of Georgia and elsewhere, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud trafficked in and used an unauthorized access device, namely, a Navy Federal Credit Union credit card ending in 5866, purportedly issued to M.F., that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that was stolen and obtained with intent to defraud, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## Count Five
### (Access Device Fraud)

From on or about April 27, 2013, through on or about May 6, 2013, in the Northern District of Georgia and elsewhere, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud trafficked in and used an

unauthorized access device, namely, a Navy Federal Credit Union debit card
ending in 0422, purportedly issued to M.F., that could be used alone and in
conjunction with another access device to obtain money, goods, services, and
other things of value, and could be used to initiate a transfer of funds, and that
was stolen and obtained with intent to defraud, and by such conduct obtained
things of value aggregating at least $1,000 during a one-year period, affecting
interstate commerce thereby, in violation of Title 18, United States Code, Sections
1029(a)(2) and 2.

## Count Six
### (Aggravated Identity Theft)

From on or about April 27, 2013, through on or about May 6, 2013, in the
Northern District of Georgia and elsewhere, the defendant, PHAEDRA
MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a
Moenah Dmorai, aided and abetted by others known and unknown to the Grand
Jury, did knowingly possess and use, without lawful authority, a means of
identification of another person, that person being M.F., a resident of Altoona,
Pennsylvania, during and in relation to committing the felony violation of access
device fraud as alleged in Counts Four and Five of this Indictment, in violation of
Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Count Seven
### (Access Device Fraud)

On or about March 9, 2015, in the Northern District of Georgia and elsewhere,
the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin , a/k/a

4

Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud trafficked in and used an unauthorized access device, namely, a Best Buy credit card ending in 3579, purportedly issued to P.M., an Illinois resident , that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that was stolen and obtained with intent to defraud, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## Count Eight
### (Aggravated Identity Theft)

On or about March 9, 2015, in the Northern District of Georgia and elsewhere, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being P.M., a resident of South Eglin, Illinois, during and in relation to committing the felony violation of access device fraud as alleged in Count Seven of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## Forfeiture Provision

As a result of committing one or more of the offenses alleged in Counts One, Two, Four, Five, and Seven of this Indictment, the defendant, PHAEDRA

5

MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982(a)(2); and Title 28, United States Code, Section 2461, all property, real and personal, constituting or derived from proceeds traceable to the offenses.

As a result of committing one or more of the offenses alleged in Counts One, Three, Five, and Seven of this Indictment, the defendant, PHAEDRA MCLAUGHLIN, a/k/a Phedra McLaughlin, a/k/a Raymond Brown, Jr., a/k/a Moenah Dmorai,

1. shall forfeit to the United States pursuant to Title 18, United States Code, Section 1029(c)(1)(C), all personal property used or intended to be used to commit the offenses.

2. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b)(1); Title 21, United States Code, Section 853(p); and Title 28, United

6

States Code, Section 2461(c), to seek forfeiture of any other property of said

defendant up to the value of the forfeitable property.

A _____ True _____ BILL

_____

FOREPERSON

JOHN A. HORN
*United States Attorney*

BRIAN M. PEARCE
*Assistant United States Attorney*
Georgia Bar No. 568768

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181