# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHAEDRA McLAUGHLIN,<br>a/k/a Phedra Mclaughlin,<br>a/k/a Raymond Brown, Jr.,<br>a/k/a Moenah Dmorai, | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  **1:17-CR-00061-ELR**<br>USM Number:  **70671-019**<br><br>Dennis Craig O'Brien<br>Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to **COUNTS ONE and THREE**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1029(a)(2) and 2 | Access Device Fraud | April 12, 2013 | 1 |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | April 22, 2013 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

December 5, 2024
Date of Imposition of Judgment

*Eleanor L. Ross*
Signature of Judge

ELEANOR L. ROSS, U. S. DISTRICT JUDGE
Name and Title of Judge

December 6, 2024
Date

DEFENDANT:   PHAEDRA McLAUGHLIN
CASE NUMBER:   1:17-CR-00061-ELR

Judgment -- Page **2** of **7**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **FORTY-TWO (42) MONTHS, which is a term of EIGHTEEN (18) MONTHS on Count 1 and TWENTY-FOUR (24) MONTHS on Count 3, to run consecutive to Count 1, for a total term of FORTY-TWO (42) MONTHS.**  This sentence is to run concurrent with Fulton County Superior Court case #15SC136574.

The court makes the following recommendations to the Bureau of Prisons:  That Defendant received credit for time served since the date of her arrest in Texas. It is also recommended that Defendant be designated to FPC Bryan in Bryan, Texas.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   PHAEDRA McLAUGHLIN
CASE NUMBER: 1:17-CR-00061-ELR                                                                                    Judgment -- Page **3** of **7**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **THREE (3) YEARS, which accounts for THREE (3) YEARS as to Count 1 and ONE (1) YEAR as to Count 3, to run concurrently for a total term of THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   PHAEDRA McLAUGHLIN
CASE NUMBER: 1:17-CR-00061-ELR                                                                                            Judgment -- Page **4** of **7**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT:   PHAEDRA McLAUGHLIN
CASE NUMBER:  1:17-CR-00061-ELR                                                                              Judgment -- Page **5** of **7**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

DEFENDANT: PHAEDRA McLAUGHLIN  
CASE NUMBER: 1:17-CR-00061-ELR                                                                         Judgment -- Page **6** of **7**

Judgment in a Criminal Case  
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The Court finds that the defendant does have the ability to pay a fine and cost of incarceration. However, the Court will waive the fine and cost of incarceration in this case.

The defendant shall pay to the United States a special assessment of **$200.00,** which shall be due immediately.

**Special Assessment**

TOTAL        **$200.00**

**Fine**

TOTAL        **WAIVED**

**Restitution** [See attached Doc. 78]

TOTAL        **$89,503.60**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss***** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| NAVY FEDERAL CREDIT UNION | $68,570.66 | $68,570.66 | % |
| AMERICAN SIGNATURE FURNITURE | $3,862.00 | $3,862.00 | % |
| BARCLAY US | $1,008.61 | $1,008.61 | % |
| CITIBANK | $1,835.98 | $1,835.98 | % |
| OFFICE DEPOT | $289.35 | $289.35 | % |
| CONNECTICUT HEARING CURE | $4,452.00 | $4,452.00 | % |
| DR. BERNADETTE WANG ASHRAF | $9,305.00 | $9,305.00 | % |

DEFENDANT:   PHAEDRA McLAUGHLIN
CASE NUMBER:   1:17-CR-00061-ELR                                                                 Judgment -- Page **7** of **7**

$89,503.60          $89,503.60

TOTALS

## FORFEITURE

As a result of committing the offense detailed in Count One, the Defendant shall forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense. The United States shall submit a proposed order forthwith.

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
***Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>PHAEDRA MCLAUGHLIN | Criminal Action No.<br><br>1:17-CR-00061-ELR-LTW |

## ORDER ON RESTITUTION

This matter came before the Court for sentencing on December 5, 2024. The Court enters this Order on the issue of restitution to be awarded to the victims of Defendant Phaedra McLaughlin.

The court directs Defendant Phaedra McLaughlin to pay restitution to the Court in the total amount of $89,503.60, which amount is due and payable immediately. Restitution shall be enforceable as a judgment of the United States pursuant to 18 U.S.C. § 3664 and 18 U.S.C. § 3613. If any amount of fine or restitution remains outstanding, the Court imposes a payment schedule of at least the following amounts:

> During any period of incarceration in a prison in the United States, payment of any criminal monetary debt remains due and the defendant shall pay, at a minimum, the greater of $25 or 50% of the deposits in his inmate trust account per quarter. Any portion of the criminal monetary debt that remains unpaid at the time of the defendant's release from imprisonment shall be paid at the monthly rate of at least $150.00 plus 25% of gross monthly income in excess of $2,300. The payment

schedule shall not preclude enforcement of the restitution judgment by the United States Attorney pursuant to 18 U.S.C. §§ 3613 and 3664(m).

Amounts collected to satisfy restitution shall be distributed pro rata to the victims in accordance with the individual loss amounts set forth below:

| Victim Number | Victim | Amount of Restitution Ordered |
|---|---|---|
| 1 | Navy Federal Credit Union | $68,570.66 |
| 2 | American Signature Furniture | $3,862.00 |
| 3 | Barclays US | $1,008.61 |
| 4 | Citibank | $1,835.98 |
| 5 | Office Depot | $289.35 |
| 6 | Connecticut Hearing Cure | $4,452.00 |
| 7 | Dr. Bernadette Wang Ashraf | $9,305.00 |
| **Total Restitution** | | $89,503.60 |

Defendants shall notify the United States Attorney for this district within thirty (30) days of any change of mailing or residence address that occurs while any portion of the restitution debt remains unpaid. The assigned Assistant United States Attorney shall provide U.S. Probation with a list of the addresses and any

points of contact for the victims.

SO ORDERED THIS 5th day of December, 2024.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

Prepared by
Brian Pearce, Assistant United States Attorney, (404) 581-6081